# United States Court of Appeals for the Fifth Circuit

No. 25-30304
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rudy Jackson Hernandez; Hennessy Devon Cooper Zelaya,

*Defendants—Appellants*.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:22-CR-77-6, 2:22-CR-77-7

Before Haynes, Graves, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Rudy Jackson Hernandez and Hennessy Devon Cooper Zelaya were both sentenced to a total of 36 months in prison after a jury convicted them of conspiring to bring unauthorized aliens to the United States for financial gain and of attempting to bring unauthorized aliens to the United States for financial gain and aiding and abetting. They appeal, arguing there was

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

insufficient evidence to convict. Jackson Hernandez also challenges the admission of one of the Government's exhibits, and Cooper Zelaya challenges the denial of a downward adjustment at sentencing. Jackson Hernandez seeks to adopt fact-specific arguments in Cooper Zelaya's brief, but as the Government argues, an appellant may not adopt such arguments by reference. *See United States v. Alix*, 86 F.3d 429, 434 n.2 (5th Cir. 1996).

Our sufficiency review is highly deferential; we ask whether any rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. *United States v. Cervantes*, 107 F.4th 459, 465 (5th Cir. 2024). Under this standard, we conclude the evidence sufficiently proved the financial-purpose element of the crimes of conviction as well as Jackson Hernandez's knowledge of and participation in the conspiracy. *See United States v. Garcia*, 883 F.3d 570, 576-77 (5th Cir. 2018); *United States v. Chon*, 713 F.3d 812, 818-19 (5th Cir. 2013).

Jackson Hernandez contends a trial exhibit, a screenshot on a cellphone connected to him, was irrelevant and thus inadmissible. This claim fails because the exhibit was not devoid of probative value. *See* FED. R. EVID. 401; *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 809 (5th Cir. 2017). And although Cooper Zelaya maintains that he qualified as a minimal participant under U.S.S.G. § 3B1.2(a), the district court's contrary finding was not clearly erroneous. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

Accordingly, the judgments are AFFIRMED.